07- 173



FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE Wilmington DISTRICT OF DELAWARE

07- 173

FILED
MAR. 23, 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE

I. CAPTION

Gbeke M. Awala
(Enter the full name of the plaintiff or plaintiffs)

v.

Clerk, Peter T. Dalleo

(Enter the full name of the defendant or defendants)

II. PARTIES

a. Plaintiff
   Full name: Gbeke Michael Awala
   Prison identification number: 82074-054
   Place of present confinement: Moshannon Valley Correctional Center
   Address: P.O. Box 2000, Philipsburg PA 16866

   Place of confinement at time of incidents or conditions alleged in complaint, including address: Salem Correctional Center, Rd APt³ 125 Cemetery, Woodstown NJ 08098-5433

   Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.

b. Defendants: (list only those defendants named in the caption of the complaint, section I)
   1. Full name including title: Clerk, Peter T. Dalleo
      Place of employment and section or unit: U.S. District Court Delaware

   2. Full name including title: _____
      Place of employment and section or unit: _____

   3. Full name including title: _____
      Place of employment and section or unit: _____

   4. Full name including title: _____
      Place of employment and section or unit: _____

   Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.

Page 1

### III. PREVIOUS LAWSUITS

Instructions:

If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.

If you have filed other lawsuits, provide the following information.

Parties to your previous lawsuit:

Plaintiffs _Gbeke M. Awala_

Defendants _Administrative office of United States Courts et al._

Issues: _Conduct by Court Repugnant under 18 U.S.C. Sec. 3672, Proper Conduct of Probation Officer and other perjuries et al._

Court: if federal, which district? _U.S. District Court_

if state, which county? _District of Delaware_

Docket number: _07-CV-124_   Date filed: _3/7/2007_

Name of presiding judge: _Magistrate Judge Mary Pat Thynge_

Disposition: (check correct answer(s)); Date:

Dismissed ✓   Reason? _28 U.S.C. Sec. 1915(g)_

Judgment ___ In whose favor? _____

Pending ___ Current status? _____

Other ___ Explain _____

Appeal filed? ✓ Current status? _Just Initiated_

Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.

### IV. ADMINISTRATIVE REMEDIES

Instructions:

Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.

a. Describe the administrative procedures available to resolve the issues raised in this complaint:

   Type of procedure. (grievance, disciplinary review, etc.)
   _____ N/A _____

   Authority for procedure. (DC-ADM, inmate handbook, etc.)
   _____

   Formal or informal procedure. _____

   Who conducts the initial review? _____

   What additional review and appeals are available? _____
   _____

b. Describe the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:

   On what date did you request initial review? _____

   What action did you ask prison authorities to take? ___
   _____ N/A _____

   What response did you receive to your request? _____
   _____

   What further review did you seek and on what dates did you file the requests? _____
   _____

   What responses did you receive to your requests for further review?
   _____
   _____

c. If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.
   _____ N/A _____
   _____

Gbeke Michael Awala, brings this Civil Rights action against the defendant, Clerk, Peter T. Dalleo, to redress the deprivation, under federal Color of Law In the Section 2076 of Title 18, Bivens, 403 U.S. 388, 389 (1971), of rights, privileges and immunities secured to him by provisions of the Sixth, Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Secs. 1981 and 1983.

Plaintiff alleges that at all times relevant hereto, he was born in Miami, Florida in May 17, 1971; whereas the aforementioned Defendant is a Court official in the United States District Court for District of Delaware, extended unlawful Conduct to deprive Plaintiff of rights under 18 U.S.C. Sec. 3231 and respectively for acts Committed by him within the scope of Section 2071(a) and (b) of Title 18; willfully and unlawfully conceals, removes, mutilates and obliterate Records and use the force of his power to falsify and destroy Plaintiff's records filed under Case no. 04-901-KA.

Plaintiff further alleges that Defendant Clerk, Peter T. Dalleo willfully refuses or neglects to forward documents to the United States Court of Appeals

4.

as required by Law for the purpose of fully and legally Right of Plaintiff under 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291.

Plaintiff further alleges Defendant unreasonably detained Several Documents needed at trial for use as exhibits and Evidence for benefit of Plaintiff defense during his Criminal trial on/or around January 17, 18 2006, in this Court, Subjected Plaintiff to Physical and mental abuse and Constantly Subjected Plaintiff, Gbeke M. Awala, in his general Pleading in the Court, not based on acting pursuant to the Court's Inherent power to Control its docket as part of Functions to resolve disputes of parties and merely action in the nature and an integral part of the Judicial process; Plaintiff allege a pattern of unwarranted abuse, maltreatment, harassment, Insults, threats, vituperation and Calumny by the Defendant Peter T. Dalleo, Clerk of this Court.

Plaintiff further alleges that Defendant a member of white racial minority discriminated against him on the basis of race and discrimination Concerning Title, 8 U.S.C. Sec. 1326 et seq, 8 U.S.C. Sec 1401(a); Florida Statute 382.0196 and 28 U.S.C. Secs. 143 and 144, shown for failure to file Documents challenging a personal bias or prejudice against Plaintiff by Judge Kent A Jordan and of Record stating that recusals where made in good faith.

5.

Plaintiff alleges further that Defendant, with knowledge of Plaintiff's rights, unlawfully considered Plaintiff Inferior to the most eminent Pro Se litigants; often deceived Plaintiff by unpretentious Style, Alpha file id. Overextending Contemptible speech on Letters given to Plaintiff and out of Compulsion dealth Shrewdly with Plaintiff, In a manner, failed to act in such a way to protect said rights by not discriminating against Plaintiff on account of his race and statute under which Plaintiff had been convicted. Such acts and omissions of the Defendant violated rights privileges and Immunities secured to plaintiff under the Fifth and Fourteenth Amendments, and Sixth. In addition to disparate Impact, Defendant use of verbal taunts in law and racial slurs uttered in writings proofs racially discriminatory intent or purpose in violation of Equal protection Clause.

Plaintiff further alleges that the allegations contained herein and on record proofs by a preponderance of the evidence a pattern of Discrimination on account of Race and Statuse and on Imbalance racial treatment by said Defendant.

In the Central purpose of the Equal protection Clause of the Fourteenth Amendment. The basis of race is from Invidious discrimination. See Wolff v. McDonnell, 418 U.S. 539, 556, 41 L.Ed. 2d 935, 94 S.Ct. 2963 (1974); absence any Congressional Intent racial discrimination In the Court Officials may not afford Judicial Immunity and/or absolute Immunity. See also Washington v Davis, 426 U.S. U.S. 229, 239, 48 L.Ed. 2d 597, 96 Ct. 2040

6.

"It is always improper for Federal Officials to make decisions based on the race of those affected by their decisions. Id.

The Court as fact-finder in this matter must determine whether Plaintiff had alleged and proven its case by a prepondence of the evidence. It is well settled that Plaintiff need not prove discrimination to a scientific certainty but rather by prepondence of the evidence. Thus, if the Court can conclude that it is "more likely than not" that impermissible discrimination exists, then plaintiff Gbeke M. Awala is entitled to prevail against the Defendant Clerk, Peter T. Dalleo. See Bazemore v. Friday, 478 U.S. 385, 400-401, 92 L.Ed. 2d 315, 106 S.Ct. 3000 (1986). The Court must view all the evidence and facts, both direct and circumstantial and make judgments concerning the credibility of the Defendant.

The Court is aware that disperate racial/impact or treatment alone will not support a finding of a violation of the equal protection clause. See Castaneda v. Partida, 430 U.S. 482, 493, 51 L.Ed. 2d 498. 97 S.Ct. 1272 (1977).

In the Instant Case; Plaintiff has alleged and established a violation, and proven not only discriminatory effect of Rules and Statues, notwithstanding, the Defendants conduct of never affording plaintiff (a) A Civil Cover Sheet; (b) A Summons for any defendant in a Civil action brought in this Court and (c) A Marshal's Service Form (Form USM-285)?

7.

but also that Defendant Peter T. Dalleo was racially motivated against Plaintiff Gbeke M. Awala and such improper motivation had been responsible for that effect, Defendant had Convey Intentional discrimination against plaintiff, solely because of his race and statute plaintiff was Censured under, not merely that Defendant treated plaintiff unfairly. See Hoebschen v. Dept of Health and Social Services, 716 F.2d. 1167, 1171 (7th Cir. 1983).

Furthermore, the Defendants Conduct as a whole clearly shown that a discriminatory purpose was a "motivating factor" in the administrative decision, he Conveys as the head Clerk of the United States District Court for the District of Delaware. See Hunter v. Underwood, 471 U.S. 222, 225, 85 L. Ed. 2d 22, 105 S.Ct. 1916 (1985). See also Brown v. City of Oneonta, New York, 221 F.3d 329, 339 (2d Cir. 1973) (per Curiam)).

Plaintiff alleges further that Defendant by virtue of his office Consciously decided the hostility step by step and Title 18 USC § 2076 seem to support plaintiff's allegation and a major factor that led the Clerks operation in the District Court as required by Law and it is clear that the Inhabitants of the Court decided that it is expedient that plaintiff should sustain a complete pattern of Discrimination; wherein Defendant had perverted the Cause of plaintiff's action and pleading in this Court, encouraged the Court into entering injurious Judgment and made several Comments for the purpose of Furthering the Said Discriminatory motives and the same Conduct

8.

V. STATEMENT OF CLAIM

Instructions:

State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.

Statement of claim: Occurred under the U.S. Attorney's Office for the District of Delaware In the period of Pretrials and Post-trials of Criminal and Civil Judgments. Conclusion: The Defendant Cannot Plead Judual Immunity under; See Rodriquez v. Weprin, 116 f 3d. 62, 66 (2d Cir. 1997); because he waived such Immunity and See also Antoine v. Byers & Anderson, Inc, 508 US 429, 433-34 (1993); he Cannot Plead Absolute Immunity, because he has Consented to the Suit by damages and Injury Caused against Plaintiff In Carrying out these actions.

VI. RELIEF

Instruction: Briefly state exactly what you want the Court to do for you.

Relief sought: Injunctive Relief.
An order In the analogy of Release from Prison.
Compensatory or punitive Damages
Attorneys fees at the Courts own determination.
$1 million.

VII. DECLARATION AND SIGNATURE

I (we) declare under penalty of perjury that the foregoing is true and correct.

3/19/07
DATE

[signature]
SIGNATURE OF PLAINTIFF(S)